# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL KAWALIG,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:19-0188** |
| : | |
| v. : | |
| : | **(MANNION, D.J.)** |
| **PITTSTON POLICE DEPT.,** *et al.,* : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

Pending before the court is the report and recommendation, (Doc. 7), of Judge Martin C. Carlson recommending that this civil rights action, pursuant to 42 U.S.C. §1983, filed by *pro se* plaintiff Michael Kawalig, (Doc. 1), an inmate at SCI-Mahanoy, be dismissed without prejudice. After granting plaintiff's motion to proceed *in forma pauperis* for the purpose of filing this action, Judge Carlson screened the complaint pursuant to 28 U.S.C. §1915(e)[1]. The screening performed by Judge Carlson was also under 28

---

[1]Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

U.S.C. §1915A.[2]

Plaintiff did not file objections to the report and recommendation and the time within which to do so has expired. After having reviewed the record, the court will **ADOPT** the report and recommendation. The complaint will be **DISMISSED WITHOUT PREJUDICE**.

I.   **STANDARD OF REVIEW**

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. Upon review, the report and recommendation of Judge Carlson will be adopted in its entirety.

---

[2]Title 28 U.S.C. §1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for purposes of determining whether, *inter alia*, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. §1915A(a).

2

## III. DISCUSSION

Judge Carlson details four reasons in his report why plaintiff's complaint fails to state a cognizable claim and should be dismissed. Plaintiff has not challenged Judge Carlson's determinations. The court has reviewed the report and finds that plaintiff's complaint is subject to dismissal for the same reasons which Judge Carlson found required its dismissal.

First, the plaintiff's complaint is in clear violation of Fed.R.Civ.P. 8(a)(1). A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) and (2). Thus, dismissal of plaintiff's entire complaint is warranted since it fails to satisfy the basic minimal pleading requirements. *See* Binsack v. Lackawanna County Prison, 438 Fed. Appx. 158 (3d Cir. 2011)).

Second, the Pittston Police Department is not a person for purposes of §1983 and therefore is not a proper defendant in this action. Butler v. Berks County Judicial System, 2018 WL 1612838, *3 (E.D.Pa. April 3, 2018) ("a police department is not a proper defendant in a §1983 action because it 'lacks an identity separate from the municipality of which it is a part'") (citation omitted).

Third, the complaint is time-barred as to the plaintiff's claims arising in September of 2015 since the limitations period for civil rights claims in Pennsylvania is two years. *See* Smith v. Delaware County Court, 260

Fed.Appx. 454, 455 (3d Cir. 2008).

Fourth, plaintiff impermissibly names Police Chief Myers as a defendant based only on *respondeat superior*. *See* Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Finally, Judge Carlson recommends that the plaintiff be given leave to amend his complaint. Before dismissing a complaint for failure to state a claim upon which relief may be granted, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See* Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). In liberally construing the *pro se* plaintiff's pleading, the court will afford him the opportunity to amend it.

As such, the report and recommendation of Judge Carlson will be **ADOPTED IN ITS ENTIRETY**, and the plaintiff's complaint will be **DISMISSED WITHOUT PREJUDICE**. The plaintiff will be permitted to file an amended complaint on or before **March 22, 2019**. Failure to file and amended complaint in compliance with this memorandum will result in conversion of the dismissal *without prejudice* to a dismissal *with prejudice.* A separate order shall issue.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Date: March 5, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2019 MEMORANDA\19-0188-01.wpd

4